UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY CRESTON HOLLAND,<br><br>           Plaintiff,<br>   v.<br><br>KELLY HARRINGTON, et al.,<br><br>           Defendants.<br>_____/ | 1:11-cv-00185-GBC (PC)<br><br>ORDER TO SHOW CAUSE REGARDING ADMINISTRATIVE EXHAUSTION<br><br>(ECF No. 1)<br><br>THIRTY DAY DEADLINE |

**ORDER**

Plaintiff Bobby Creston Holland ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on February 2, 2011 and consented to Magistrate Judge jurisdiction on February 28, 2011. (ECF Nos. 1 & 6.)

On page two of the form complaint, Plaintiff states that there is an inmate grievance procedure available at his institution. (ECF No. 1, Pl.'s Compl., p. 2). Plaintiff goes on to state that his grievance regarding the issues in his complaint was currently pending at the Director's Level of Review. (Id.) In explanation for him filing this action before completion of the process, Plaintiff states that monetary compensation is not available through the inmate appeal process and that the Director's Level response had not been issued within the procedural time constraints. (Id.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

1

1  prisoner confined in any jail, prison, or other correctional facility until such administrative
2  remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Prisoners are required
3  to exhaust the available administrative remedies prior to filing suit.  Jones v. Bock, 127
4  S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).
5  The Court must dismiss a case without prejudice even when there is exhaustion while the
6  suit is pending.  Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

7  Exhaustion is required regardless of the relief sought by the prisoner.  Booth v.
8  Churner, 532 U.S. 731, 741 (2001).  A prisoner must "must use all steps the prison holds
9  out, enabling the prison to reach the merits of the issue." Griffin v. Arpaio, 557 F.3d 1117,
10 1119 (9th Cir. 2009); see also Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).  A
11 prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no
12 exception to exhaustion applies.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108,
13 1120 (9th Cir. 2003).

14 The California Department of Corrections and Rehabilitation has an administrative
15 grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2008).  The
16 process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of
17 appeal are involved, including the informal level, first formal level, second formal level, and
18 third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be
19 submitted within fifteen working days of the event being appealed, and the process is
20 initiated by submission of the appeal to the informal level, or in some circumstances, the
21 first formal level.  Id. at §§ 3084.5, 3084.6(c).

22 In order to satisfy section 1997e(a), California state prisoners are required to use
23 the available process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S.
24 81, 85 (2006); McKinney, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the
25 PLRA and . . . unexhausted claims cannot be brought in court."  Jones, 127 S.Ct. at 918-19
26 (citing Porter, 435 U.S. at 524).  "All 'available' remedies must now be exhausted; those
27 remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'"
28 Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 fn. 5).  Even if the prisoner seeks

2

1  monetary or other relief that is unavailable through the grievance system in question, the
2  prisoner must still first exhaust all available administrative remedies.  See Booth v.
3  Churner, 532 U.S. 731, 741 (2001) ("[W]e think that Congress has mandated exhaustion
4  clearly enough, regardless of the relief offered through administrative procedures.").

5  As stated above, Plaintiff must complete the administrative grievance procedure
6  regardless of whether the remedy requested is available.  Therefore, Plaintiff's argument
7  that the monetary compensation that he wanted was not available as a reason for not
8  exhausting, is improper.

9  As to Plaintiff's claim that the Director's Level response was not timely.  In Brown
10 v. Valoff, the Ninth Circuit noted that it would "'refuse to interpret the PLRA so narrowly as
11 to . . . permit [prison officials] to exploit the exhaustion requirement through indefinite delay
12 in responding to grievances,'" and that "[d]elay in responding to a grievance, particularly,
13 a time-sensitive one, *may* demonstrate that no administrative process is in fact available."
14 422 F.3d 926, 943 fn. 18 (quoting Lewis v. Washington, 300F.3d 829, 833 (7th Cir. 2002))
15 (emphasis added).  Here, Plaintiff alleges that the Director's Level response was not within
16 the proscribed time limits.  After a brief review of Plaintiff's Complaint, it appears that any
17 grievance Plaintiff filed would not have been time-sensitive.  Therefore, any delay in the
18 Director's Level response would most likely not result in prejudice to Plaintiff and, as such,
19 would not warrant excuse from the exhaustion requirement.  Brown, 422 F.3d at 943 fn.
20 18.

21 Because Plaintiff has not completed the grievance process, the Court HEREBY
22 ORDERS:

23 1. Plaintiff SHALL SHOW CAUSE why this action should not be dismissed
24    without prejudice for failure to exhaust administrative remedies within
25    thirty (30) days of the date of service of this Order.

26 IT IS SO ORDERED.

27
   Dated:   July 23, 2011
28                                                          UNITED STATES MAGISTRATE JUDGE