# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY CRESTON HOLLAND, | 1:11-cv-00185-GBC (PC) |
| Plaintiff, | ORDER DISMISSING CASE, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING THIS ACTION |
| v. | |
| KELLY HARRINGTON, et al., | |
| Defendants. | (ECF No. 13) |
| / | CLERK TO CLOSE CASE |

**ORDER**

**I.    Background**

Bobby Creston Holland ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. On February 2, 2011, Plaintiff filed his original complaint. (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction on February 28, 2011. (ECF No. 6.)

On page two of the form complaint, Plaintiff states that there is an inmate grievance procedure available at his institution. (ECF No. 1, Pl.'s Compl., p. 2). Plaintiff goes on to state that his grievance regarding the issues in his complaint was currently pending at the Director's Level of Review. (Id.) In explanation for him filing this action before completion of the process, Plaintiff states that monetary compensation is not available through the inmate appeal process and that the Director's Level response had not been issued within the procedural time constraints. (Id.)

The Court issued an Order requiring that Plaintiff show cause as to why this action

should not be dismissed for failure to exhaust administrative remedies.  (ECF No. 12.) Plaintiff filed a response stating that exhaustion occurred on April 15, 2011.  (ECF No. 13.)

## II.     Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act ("PLRA") of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  A prisoner "may initiate litigation in federal court only after the administrative process ends and leaves his grievances unredressed."  Vaden v. Summerhill, 449 F.3d 1047, 1051 (9th Cir. 2006).  A prisoner is not allowed to file a complaint addressing non-exhausted claims, even if exhaustion of administrative remedies occurs while his case is pending.  McKinney, 311 R.3d 1198, 1199 (9th Cir. 2002); Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005).

Exhaustion is required regardless of the relief sought by the prisoner.  Booth v. Churner, 532 U.S. 731, 741 (2001).  A prisoner must "must use all steps the prison holds out, enabling the prison to reach the merits of the issue."  Griffin v. Arpaio, 557 F.3d 1117, 1119 (9th Cir. 2009); see also Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).  A prisoner's concession to non-exhaustion is valid grounds for dismissal so long as no exception to exhaustion applies.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003).

The Court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1 (2008).  The process is initiated by submitting a CDC Form 602.  Id. at § 3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level."  Id. at § 3084.5.  Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level.  Id. at §§ 3084.5, 3084.6(c).

1    In order to satisfy Section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 918-19 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5).

### III.   Analysis

Plaintiff appears to admit that he did not exhaust his administrative remedies before he filed this action. Included in Plaintiff's response is a document that appears to be the Director's Level Appeal Decision related to the claims alleged by Plaintiff in this case. (ECF No. 13, pp. 2-3.) The Director's Decision is dated April 11, 2011. (Id.) The Director's Level Appeal Decision appears to exhaust Plaintiff's administrative remedies in this case.

Plaintiff filed this action on February 2, 2011 (ECF No. 1), more than two months before exhaustion of his administrative remedies occurred on April 11, 2011. As noted above, a prisoner must exhaust all available administrative remedies before filing an action with this Court. Plaintiff did not do this. And, the fact that exhaustion was completed during the action, does not satisfy the PLRA's exhaustion requirement.

Therefore, Plaintiff's action is dismissed without prejudice for failure to exhaust administrative remedies.

///
//
/
//
///
//

## IV. Conclusion and Order

For the foregoing reasons, the Court HEREBY ORDERS that:

1. Plaintiff's action be DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies prior to filing his complaint; and
2. Clerk shall CLOSE the case.

IT IS SO ORDERED.

Dated:    August 22, 2011

UNITED STATES MAGISTRATE JUDGE